UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HUI YU,[1]  :
    Plaintiff,  :
  :
v.  : 3:08-cv-181 (WWE)
  :
UNITED STATES DEPARTMENT OF  :
HOMELAND SECURITY;  :
MICHAEL CHERTOFF, Secretary of  :
Homeland Security; JULIE MYERS,  :
Assistant Secretary of Homeland Security for  :
United States Immigration and Customs  :
Enforcement (ICE); MICHAEL B.  :
MUKASEY, Attorney General,  :
    Defendants.  :

## **MEMORANDUM OF DECISION ON VARIOUS MOTIONS**

Plaintiff, proceeding pro se, challenges the seizure of his wife's travel documents by defendant United States Immigration and Customs Enforcement ("ICE"). Now pending before the Court are defendants' motions to dismiss (Docs. #6, 18) and motion to stay the Local Rule of Civil Procedure 26(f) requirement (Doc. #17) and plaintiff's motion for leave to amend the complaint (Doc. #7). For the reasons discussed below, this Court lacks subject matter jurisdiction over plaintiff's claims, and therefore, defendants' motions to dismiss will be granted.

## **BACKGROUND**

For purposes of ruling on the motions, the Court takes the facts alleged in the complaint to be true.

---

[1] Plaintiff has moved to amend his complaint to specify that he has filed this suit on behalf of his wife. Because such amendment would be futile, as discussed below, the Court will deny plaintiff's motion as moot.

1

Plaintiff is a United States citizen, and his wife, Xiao Juan Hu, is citizen of the People's Republic of China and a lawful permanent resident of the United States. On June 18, 2005, Hu returned from a visit to China, when, at John F. Kennedy International Airport, an unnamed ICE officer took her Chinese passport and American green card (lawful permanent resident card) for default inspection. These documents were not returned. In August 2005, Hu went to the Default Inspection Office but was told that her papers were lost.

In March 2006, Hu traveled to China because of a family member's emergency medical issue. Prior to departing from the United States, she received a temporary Chinese passport from the Chinese consulate in New York. She was unable to get any travel documents from ICE and, therefore, has been unable to return to the United States. According to plaintiff, Hu has been unable to obtain the necessary travel documents from the American consulate in China.

Defendants represent that on September 22, 2006, Hu was approved for a boarding letter which would have allowed her to enter the United States, but she did not use it. On April 17, 2008, plaintiff was informed that the United States Citizenship and Immigration Service ("USCIS") in Beijing, People's Republic of China, would be willing to consider another application for a boarding letter.

Plaintiff filed the instant action, requesting that the Court enter an order directing defendants (1) to return Hu's travel documents to her, (2) to issue Hu new travel documents permitting her to return to the United States and (3) to explain the reason for the confiscation of Hu's documents. Plaintiff also seeks damages for the costs incurred in obtaining substitute documents. Plaintiff alleges that the Court has jurisdiction over

this action pursuant to 8 U.S.C. § 1447(b), 5 U.S.C. §§ 555(b) and 701-706 and 28 U.S.C. §§ 1331, 1361 and 2201. Defendants have moved for dismissal on the grounds that the Court lacks subject matter jurisdiction over plaintiff's claims.

## DISCUSSION

A case is dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court possesses neither the statutory nor the constitutional power to adjudicate it. Alkeylani v. Dep't of Homeland Security, 514 F. Supp. 2d 258, 261 (D. Conn. 2007). See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). As the party asserting subject matter jurisdiction, plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. The court should not draw argumentative inferences in plaintiff's favor. Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l., Ltd., 968 F.2d 196, 198 (2d Cir. 1992). The court may consider evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

If the court finds that it must dismiss the action because of the lack of subject matter jurisdiction, "the accompanying defenses and objections become moot and do

3

not need to be determined." Rhulen Agency, Inc. v. Ala. Ins. Guaranty Ass'n., 896 F.2d 674, 678 (2d Cir. 1990).

**I.     Standing**

Defendants move to dismiss this action arguing that plaintiff lacks standing to assert claims on behalf of his wife.

The doctrine of Article III standing requires a litigant to demonstrate that (1) he suffered actual or threatened injury as a result of the illegal conduct of the defendants, (2) the injury is fairly traceable to the challenged action, and (3) the injury is redressable by a favorable decision. Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472 (1982). The harm to plaintiff must be actual or imminent, not conjectural or hypothetical. Port Washington Teachers' Ass'n v. Bd. of Educ. of the Port Washington Union Free Sch. Dist., 478 F.3d 494, 498 (2d Cir. 2007). Beyond those Constitutional requirements, there are certain court-imposed limits to invoking the jurisdiction of the federal courts. Specifically, "[t]he plaintiff must (1) be asserting [his] own legal rights, and not those of a third party, (2) be asserting, in addition to a redressable injury, a particularized grievance, and (3) be asserting a claim that falls within that zone of interests the statute aims to protect or regulate. Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 58 (2d Cir. 1994).

A plaintiff can only assert his own rights. Warth v. Seldin, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action."). Therefore, jurisdiction cannot be invoked solely on the basis of harms to a

4

plaintiff's spouse.  See, e.g., Burton v. City of New York, 1997 U.S. Dist. LEXIS 19946 (E.D.N.Y. Nov. 28, 1997) (granting motion to dismiss where plaintiff asserted claims on behalf of his wife); Kounitz v. Slaatten, 901 F. Supp. 650 (S.D.N.Y. 1995) (denying standing to spouse where he had no injury in fact to himself); see also Oliver v. Pogats, 1992 U.S. App. LEXIS 7711, *3 (6th Cir. Apr. 13, 1992) ("[Plaintiff] does not have standing to sue on his wife's behalf for alleged violations of her constitutional rights.").

Plaintiff's complaint seeks the return of his wife's passport, an explanation for its confiscation as well as reimbursement for expenses incurred in securing replacement documents.  To the extent that plaintiff is seeking the return of his wife's confiscated documents, he lacks standing to pursue such claims.  It is unclear, however, whether it was plaintiff or his wife who incurred expenses in securing replacement documents.[2] Further, plaintiff's demand for relief asks for $30,000 for compensation for his financial loss.  Because the Court should give latitude to a plaintiff who proceeds pro se, Haines v. Kerner, 404 U.S. 519 (1972), the Court will read his complaint as asserting claims for damages on his own behalf.  To the extent, however, that plaintiff has moved the Court to amend his complaint to assert claims on behalf of his wife, the Court will deny his motion as futile.

In addition, 28 U.S.C. § 1654 precludes a non-attorney from representing another.  That is, a plaintiff must either proceed pro se or be represented by a licensed

---

[2] In his complaint, plaintiff alleges that "[w]e spent $2000 on travel and processing fee[s] to get her a new temporary passport from the Chinese consulate in New York and a new passport from China.  We also spen[t] $800 to apply for a travel document and re-new her green card from the USCIS."

attorney.  28 U.S.C. § 1654; Preblich v. Battley (In re Preblich), 1995 U.S. App. LEXIS 2695 (9th Cir. Feb. 1, 1995) (finding that wife cannot represent husband's interest in property); Echols v. American Fork Investors, 1992 U.S. App. LEXIS 19171, *5-6 (10th Cir. Aug. 17, 1992) ("[A] non-lawyer, cannot represent the members of his family...."); cf. Tindall v. Poultney High Sch. Dist., 414 F.3d 281 (2d Cir. 2005) (recognizing general rule that parent cannot represent minor child pro se); but see Vapne v. Apfel, 36 Fed. Appx. 670, 671-72 (2d Cir. 2002) (allowing husband to represent wife in a proceeding appealing denial of social security benefits).  Therefore, plaintiff cannot serve as his wife's legal representative and cannot assert claims on her behalf where he has no personal injury.

## II. Claims for Monetary Damages

Because the Court has concluded that plaintiff has standing to assert claims for monetary damages incurred on his own behalf, the Court will now address defendants' argument that plaintiff cannot assert his remaining claims for damages under the Federal Tort Claims Act ("FTCA") because he has not exhausted his administrative remedies as well as plaintiff's motion to add the United States as a defendant.

Although plaintiff has not asserted jurisdiction pursuant to the FTCA, 28 U.S.C. §§ 1346, 2671-2680, the Court will read his claim for money damages as made pursuant to that law.  Section 1346(b)(1) provides in pertinent part that the district court shall have jurisdiction over:

> claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office

or employment....

A claim under the FTCA may only be brought against the United States and not against federal agencies. See Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991) ("[A]n action [under the FTCA] must be brought against the United States rather than an agency thereof."). Such a claim may be brought into a federal court only if "the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have finally denied by the agency...." 28 U.S.C. § 2675(a). This administrative prerequisite to suit is jurisdictional and cannot be waived; failure to comply with it mandates dismissal of the court proceedings. See Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97 (2d Cir. 1981); accord Henderson v. United States, 785 F.2d 121 (4th Cir. 1986); Jackson v. United States, 730 F.2d 808 (D.C. Cir. 1984).

The complaint does not allege that plaintiff filed an administrative claim with ICE or the USCIS prior to initiating this action. Further, plaintiff contends that his failure to exhaust administrative remedies should be excused because there is no administrative proceedings from which to appeal. Plaintiff misconstrues the FTCA. The law requires that before a claim may be brought in federal court, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). It does not create a requirement that a plaintiff appeal from an administrative determination. Therefore, plaintiff's failure to exhaust his administrative remedies is not excused. Inasmuch as the requirement of filing an administrative claim is strictly construed, United States v. Sherwood, 312 U.S. 584 (1941), the failure to file

such a claim deprives this Court of jurisdiction to entertain such an action at this time. Fed. R. Civ. P. 12(b)(1).

Because amending the complaint to add the United States as a defendant would be futile as plaintiff could not assert a claim against the United States without having first exhausted his administrative remedies, the Court will deny plaintiff leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, defendants' Motions to Dismiss (Doc. #6,18) are GRANTED. Defendant's motion to stay the requirements of Rule 26(f) (Doc. #17) is DENIED as moot. Finally, plaintiff's motion to amend his complaint (Doc. #7) is DENIED. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 30th day of July, 2008.

/s/
Warren W. Eginton
Senior United States District Judge